UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FAITH-MARIE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00830-SEB-MKK |
| | ) | |
| KHI SOLUTIONS, INC. Clerk's Entry of Default Entered 7/7/2023., CITY OF INDIANAPOLIS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff Faith-Marie West ("Ms. West") brought this action against her alleged former employers, Defendants KHI Solutions, Inc. ("KHI") and City of Indianapolis (the "City") (collectively, "Defendants"), averring that Defendants failed to make certain overtime payments for hours worked in a week over forty, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Now pending before the Court are the City's Motion for Judgment on the Pleadings, dkt. 24, and Ms. West's Motion for Default Judgment as to KHI, dkt. 30. For the reasons explained below, the City's motion is **GRANTED**, and Ms. West's motion is **GRANTED**.

**FACTUAL BACKGROUND**

On February 23, 2022, KHI hired Ms. West as a salaried employee. In June 2022, KHI converted Ms. West to an hourly employee but continued disbursement of her earnings through direct deposit until her departure from employment in April 2023.

1

KHI's purpose was to procure temporary and contract employees to the Indy Public Safety Foundation ("ISPF") and the Office of Public Health and Safety ("OPHS"), which entities Ms. West alleges "do not have separate legal existences from the City." Compl. ¶ 9, dkt. 1. On April 11, 2022, KHI distributed the employee policy manual of the Indy Peace Fellowship ("IPF"), a City program, which manual outlined IPF's overtime policies. Ms. West was among the temporary or contract employees that KHI supplied to the City, though she sometimes worked for other KHI clients.

On June 13, 2022, Ms. West entered into the Employee Services Agreement with KHI, according to which Ms. West contractually agreed to provide life coach services for KHI's client, "City of Indianapolis – IPSF," as a member of the "temporary and/or contract workforce" at an hourly rate of $29.28. Compl. Ex. 2 ¶¶ 1.1–2, dkt. 1-2. Under the Employee Services Agreement, Ms. West acknowledged that no employment relationship existed between her and the City; that KHI was solely responsible for her compensation, including overtime; and that the City was subject to "no liability of any kind" regarding her compensation. *Id.* ¶¶ 1.2–1.3.

On May 12, 2023, Ms. West filed this action against KHI and the City, alleging that on unspecified occasions, Defendants permitted her to work more than forty hours in a workweek without overtime pay. She further contends that, as a salaried employee, she was not exempt from overtime pay for hours worked over forty in a week. Ms. West has acknowledged that KHI always paid her for at least forty hours every week, but she alleges that KHI and the City failed to pay her at the rate of time-and-a-half for hours worked over forty in a week.

On January 12, 2024, the City moved for judgment on the pleadings, arguing that Ms. West's claims against it necessarily fail because she has not plausibly alleged that the City was her employer. On July 7, 2023, the Clerk entered a default against KHI based on its failure to prosecute or otherwise appear in these proceedings. Dkt. 11. Ms. West has now moved for default judgment against KHI.

Both motions are fully briefed and await a ruling. We address each in turn.

## LEGAL STANDARDS & DISCUSSION

### I. MOTION FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Much "[l]ike Rule 12(b) motions, courts grant Rule 12(c) motions only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen Elec. Cap. Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The moving party must, therefore, "demonstrate that there are no material issues of fact to be resolved." *Id.* In reviewing "the complaint, the answer, and any written instruments attached as exhibits," we must take the facts in the light most favorable to the nonmoving party. *Id.*; *e.g.*, *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

Here, the City argues that Ms. West cannot sustain her claims against it because she has not plausibly alleged that the City was her employer. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and an "employee" as "any individual employed by

3

an employer," *id.* § 203(e)(1). An employer is generally not responsible to other employers' employees. *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 794 (N.D. Ill. 2011). An employee may, however, have more than one employer where multiple employers exercise common control over the working conditions. *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

To determine whether more than one employer may be held liable under the FLSA, courts evaluate the economic realities of the working relationship, weighing factors such as whether the defendant (1) had the power to hire and fire the employee; (2) supervised and controlled the employee's work schedule or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Zampos v. W & E Commc'ns, Inc.*, 970 F. Supp. 2d 794, 802 (N.D. Ill. 2013); *cf. Moldenhauer v. Tazewell-Peken Consol. Commc'ns Ctr.*, 536 F.3d 640, 643 (7th Cir. 2008) (cautioning that these are not "the *only* relevant factors"). At bottom, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee." *Moldenhauer*, 536 F.3d at 644 (applying the joint employer standard from the FLSA to a claim under the Family and Medical Leave Act); *e.g.*, *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1128 (N.D. Ill. 2017).

Turning to the complaint at bar, we conclude that Ms. West has not plausibly alleged that the City was her employer for purposes of the FLSA. Ms. West specifically avers that KHI hired her, that KHI paid her, and that KHI "required" her to sign the Employee Services Agreement. While these allegations plausibly support KHI's liability, they do not support the same inference against the City. Indeed, none of Ms. West's allegations about the City reflect any such particularity: she contends broadly that "KHI and [the] City suffered

or permitted [her] to work more than forty hours in a workweek" and that "Defendants did not pay" her at the correct overtime rate. Compl. ¶¶ 20, 23, dkt. 1. "These sorts of conclusory allegations are not entitled to a presumption of truth." *Ashcroft v. Twombly*, 556 U.S. 662, 678 (2009). At bottom, Ms. West has not provided any factual allegations capable of sustaining a claim against the City. Accordingly, the City's Motion for Judgment on the Pleadings is **GRANTED**.

II.     **MOTION FOR DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55 outlines the two stages of default proceedings: "the establishment of the default[ ] and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). At step one, the entry of default renders "the well-pleaded allegations of a complaint relating to liability . . . taken as true." *VLM Food Trading Intern., Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). At step two, entry of default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *e360 Insight v. The Spamhouse Project*, 500 F.3d 594, 602 (7th Cir. 2007). Mere allegations of damages, however, are "not deemed true," for "[t]he district court must . . . conduct an inquiry . . . to ascertain the amount in damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (internal citations omitted). Such an inquiry may be accomplished without a hearing if "the amount is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

5

Here, the Clerk has entered default against KHI, meaning that the allegations in the Complaint are accepted as true for purposes of establishing KHI's liability. Fed. R. Civ. P. 55(b). Ms. West seeks unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and costs, which can be calculated based on Ms. West's documentary evidence, thereby eliminating the need for a hearing.

An employer who violates the FLSA's overtime provisions "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The FLSA entitles employees to overtime compensation at one and one-half times their regular hourly pay for any hours worked in excess of forty per week. *Id.* § 207(a)(1). The employee may also recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* § 216(b).

For her unpaid overtime claim, Ms. West has submitted an affidavit, wherein she avers that she tracked her time on weekly timesheets that she would submit to IPSF management. West Aff. ¶ 4, dkt. 30-3. She alleges that her weekly paychecks were "always for the same amount," except for two paychecks from July 22, 2022, and September 2, 2022, when KHI apparently did pay her for her overtime hours. *Id.* ¶¶ 5, 7. Based on her records, Ms. West contends that KHI failed to compensate her for forty-eight hours of overtime. *Id.* ¶ 9. Her regular rate of pay was $29.28 per hour, *id.* ¶ 10, meaning that her overtime rate would have been $43.92 per hour (29.28 x 1.5). Therefore, Ms. West is entitled to unpaid overtime earnings in the amount of $2,108.16 (43.92 x 48).

Additionally, the FLSA authorizes an award of liquidated damages in an amount equal to the total unpaid wages. 29 U.S.C. § 216(b). "A court may choose not to award liquidated damages only when the employer proves it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA." *Hutnick v. Express Ride Inc.*, No. 1:18-cv-03801-SEB-TAB, 2020 WL 2128571, at *3 (S.D. Ind. May 5, 2020). Due to KHI's failure to respond or even appear in this matter, it has likewise made no such showing; therefore, Ms. West is entitled to liquidated damages. Accordingly, Ms. West is awarded an additional $2,108.16, an amount equal to her unpaid overtime wages, as liquidated damages, which effectively doubles her damages. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Doubling is the norm, not the exception.").

As for a reasonable attorney's fee, Ms. West has requested $5,820.00 for the work of one attorney with Starkey Law Offices, a law firm located in Shelbyville, Indiana, engaged by Ms. West to handle this litigation. To determine the amount of a reasonable attorney's fee, we begin with the "lodestar" method, which entails multiplying the hours reasonably expended on the litigation by the reasonable hourly rate. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 639–40 (7th Cir. 2011)). Though the prevailing party bears the burden of showing that its fees and hours were reasonable, it "is [also] presumptively entitled to the rate actually charged by counsel . . . ." *Davis v. Indiana Packers Corp.*, No. 4:21-cv-024-PPS, 2022 WL 17495870, at *1 (N.D. Ind. Dec. 7, 2022) (citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)).

Here, the requested attorney's fee represents legal services from April 2023, when Ms. West initially sought her attorney's legal services, to February 2024, when Ms. West finalized her motion for default judgment. Ms. West's counsel billed 19.4 hours, as detailed in an itemized time log,[1] at an hourly rate of $300.00, which rate is commensurate to rates charged by other firms for this type of work. *E.g.*, *Poff v. Quick Pick, LLC*, No. 2:15-cv-00405-LJM-MJD, 2017 WL 11490275, at *1 (S.D. Ind. May 30, 2017) (approving attorney rates between $350.00 and $400.00 per hour). Additionally, Ms. West requests $413.30 in costs related to this matter: $402.00 for the filing fee plus $11.30 for certified mail.

Having carefully reviewed the undersigned counsel's affidavit and detailed time entries, the Court finds that the majority of the attorney's fees and expenses described therein are reasonable. However, we exclude from Ms. Wests attorney's fee the 2.7 hours billed toward researching and drafting her response to the City's motion for judgment on the pleadings. We conclude that imposing the cost of litigating the City's motion onto KHI would be unreasonable and, thus, reduce Ms. West's reasonable attorney's fee by $810.00 (2.7 x 300.00).

With this minor adjustment, the Court concludes that the attorney's fee in the amount of $5,010.00 (16.7 x 300.00) is reasonable and proportional to the total award of damages and the work that was expended to recover unpaid overtime wages from KHI. The remaining 16.7 hours billed reflect counsel's time meeting with his client, drafting the pleadings, attending status conferences, and pursuing default judgment—all appropriate and

---

[1] The second page of Ms. West's counsel's time log appears to have been attached accidentally, as it lists four entries that predate the instant litigation. Dkt. 30-2 at 2.

reasonable litigation procedures. Additionally, we hold that Ms. West is entitled to $413.30 as reimbursement of costs.

## CONCLUSION

For the reasons provided above, the City's Motion for Judgment on the Pleadings, dkt. 24, is **GRANTED**. The claims against the City are therefore **DISMISSED** without prejudice.

The Court hereby **GRANTS** Ms. West's Motion for Default Judgment against KHI, dkt. 30, and awards Ms. West the sum of $9,639.62, covering her unpaid overtime wages, liquidated damages, and attorney's fees and costs, as reflected in Ms. Wests submissions. The Clerk is directed to enter a default judgment in the total amount of $9,639.62 in Ms. West's favor and against KHI.

Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 5/15/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Christopher Kenneth Starkey
STARKEY LAW OFFICES
starkeyck@msn.com